UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY,

    Plaintiff/Counterclaim Defendant,

v.                                              CASE NO: 8:15-cv-126-T-30EAJ

FIRST AMERICAN TITLE INSURANCE
COMPANY,

    Defendant/Counterclaim Plaintiff,

_____/

## ORDER

THIS CAUSE is before the Court on Defendant First American Title Insurance Company's Motion to Dismiss Count III of the Complaint (Dkt. #15), and Plaintiff Old Republic National Title Insurance Company's Response in Opposition (Dkt. #27). Upon review, the Court concludes that Defendant's motion should be denied.

## BACKGROUND

This is a reinsurance dispute. Defendant First American Title Insurance Company ("First American") issued title insurance policies ("Title Policies") to a borrower and a lender to finance the acquisition of a piece of a property and the construction of a power plant on the property. First American entered into a reinsurance agreement with Plaintiff Old Republic National Title Insurance Company ("Old Republic"), under which Old Republic, as First American's insurer, agreed to assume a specified share of First American's contractual liability under the Title Policies.

Later, the borrower and lender made claims under the Title Policies because contractors who worked on the power plant recorded mechanic's liens against the property and asserted priority over the borrower's and lender's interest. First American negotiated a $41 million settlement of those claims, and asserted that Old Republic was obligated under the reinsurance agreement to pay its proportionate share of that sum. Old Republic paid the amount under a full reservation of rights and proceeded to bring the instant action, suing First American for breach of contract (Count I), rescission (Count II), negligence (Count III), unjust enrichment (Count IV), and declaratory judgment (Count V).

First American seeks to dismiss Count III of the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), the court may dismiss a complaint for failure to state a claim upon which relief can be granted. To avoid dismissal, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard is satisfied if the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *BP Products North America, Inc. v. Giant Oil, Inc.*, 545 F.Supp. 2d 1257, 1259 (M.D. Fla. 2008) (citing *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). When a party moves to dismiss on the basis of a dispositive issue of law, dismissal is only appropriate if "*no* construction of the factual allegations of [the] complaint will support the cause of action." *Urquhart v. Manatee Mem'l Hosp.*, No.

806-cv-1418-T-17-EAJ, 2007 WL 781738, at *2 (M.D. Fla. Mar. 13, 2007) (emphasis added).

## DISCUSSION

In Count III, Old Republic asserts that when it made the offer for the reinsurance agreement, "First American undertook a duty to underwrite the Title Policies in a reasonably prudent manner and created a special relationship" with Old Republic, and that First American breached this duty.

First American alleges that Old Republic fails to state a claim for negligence because any duty owed arises out of the contractual relationship between the parties, and under West Virginia's "gist of the action" doctrine,[1] an action in tort cannot be brought in a breach of contract case unless the tort action arises independently of the existence of the contract. Thus, First American contends that the negligence count should be dismissed as a matter of law. In its response, Old Republic counters by stating that First American owed it a duty in tort independent of the contract. Additionally, Old Republic opines that, at this stage in the litigation, its negligence action may be maintained in the alternative because the source of First American's duty to Old Republic remains in dispute.

### I. "Gist of the Action" Doctrine

Under West Virginia law, "[a]n action in tort will not arise for breach of contract unless the action in tort would arise independent of the existence of the contract." *Lockhart v. Airco Heating & Cooling, Inc.*, 567 S.E.2d 619, 624 (W. Va. 2002). To enforce this

---

[1] The parties agree that under the reinsurance agreement, West Virginia law governs these claims.

principle, West Virginia courts apply the "gist of the action doctrine," which bars recovery in tort:

> (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

*Gaddy Engineering Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746 S.E.2d 568, 577 (W. Va. 2013).

First American posits that Old Republic's negligence actions fails this test because First American's alleged liability stems from the reinsurance agreement, and any duty First American allegedly owed Old Republic arose solely by virtue of their contractual relationship. Because "the source of the duty is controlling," First American believes the negligence action to be inappropriate. *See CWS Trucking, Inc. v. Welltech Eastern, Inc.*, 2005 WL 2237788, at *3 (N.D. W. Va. Sept. 15, 2005) ("To be maintained, the action in tort must arise independent of the existence of the contract.").

While the Court recognizes First American's cause for concern – that Old Republic's negligence claim is a contract claim in disguise – it declines to dismiss Old Republic's claim at this stage in the proceedings for two reasons. First, the allegations are sufficient to establish that First American *may* have owed Old Republic a duty in tort independent of the contract. Second, Old Republic pleads its negligence count in the alternative.

### A. Source of the Duty

A critical issue when analyzing whether a negligence action is barred by the "gist of the action" doctrine is whether the duty allegedly breached stems from the contract itself

or from "the larger social policies embodied by the law of torts." *Gaddy*, 746 S.E.2d at 577 (quoting *Goldstein v. Elk Lighting, Inc.*, No. 3:12-cv-168, 2013 WL 790765, at *4 (M.D. Pa. 2013) (finding that tort claims were not barred because the parties' obligations were governed by social policies rather than the terms of the contract)).

Here, Old Republic contends that the negligence count is not derived from a duty expressed in the reinsurance agreement, but rather, "from the sort of 'larger social policy' referenced in *Gaddy*." The reinsurance agreement did not specifically require First American to underwrite in a reasonably prudent matter, but Old Republic argues that this duty is inherent to the special relationship between insurers and reinsurers.

Old Republic's assertion that this duty "arises from a social policy in law and industry custom" is not at all far-fetched. "Reinsurers do not examine risks," and because "reinsurers cannot duplicate the costly but necessary efforts of the primary insurer in evaluating risks and handling claims," "[h]istorically, the reinsurance market has relied on a practice of the exercise of utmost good faith." *Unigard Sec. Ins. Co., Inc. v. North River Ins. Co.*, 4 F.3d 1049, 1054 (2d Cir. 1993). *See American Bankers Ins. Co. of Florida v. Northwestern Nat'l Ins. Co.*, 198 F.3d 1332 (11th Cir. 1999); *Munich Reinsurance America, Inc. v. American Nat'l Ins. Co.*, -- F. App'x -- , No. 14-2045, 2015 WL 428727 (3d Cir. Feb. 3, 2015); *Toppins v. Minnesota Life Ins. Co.*, 460 F. App'x 768 (10th Cir. 2012); *Employers Reinsurance Co. v. Massachusetts Mut. Life Ins. Co.*, 654 F.3d 782 (8th Cir. 2011) (all recognizing that reinsurance relationships are governed by principles of good faith). It is clear that, as a general principle, certain duties not contemplated by the contract exist between insurers and reinsurers. Therefore, the negligence action does not automatically fail as a matter of law.

Importantly, Old Republic was not a party to the Title Policies at issue, and it alleges that it relied on First American to adequately protect Old Republic's interests through these policies. Considering Old Republic's position in light of the duty of good faith that governs the relationship between insurer and reinsurer, the Court concludes that Old Republic has presented a plausible claim for relief notwithstanding the "gist of the action" doctrine. In particular, Old Republic has sufficiently pleaded that a duty grounded in social policy governs its negligence claim. Dismissing the negligence action would thus be inappropriate. As another district court has recognized,

> [c]aution should be exercised in determining the gist of an action at the motion to dismiss stage. Judicial caution is appropriate because often times, without further evidence presented during discovery, the court cannot determine whether the gist of the claim is in contract or tort.

*Prof'l Sys. Corp. v. Opex Postal Tech.,* No. Civ.A. 05-2689, 2006 WL 573798, at *3 (E.D. Pa. Mar. 8, 2006) (internal quotation marks and citations omitted). *See also RG Steel Wheeling, LLC v. Health Plan of Upper Ohio Valley Inc.*, No. 5:13CV7, 2013 WL 5133504, at *5 (N.D. W. Va. Sep. 13, 2013) (denying motion to dismiss because "it is not absolutely clear that all three claims arise solely out of the contract").

### B. Pleading in the Alternative

Irrespective of the source of the duty, the negligence claim should not be dismissed because Old Republic has pleaded its counts in the alternative. *See* Fed. R. Civ. P. 8(d) (permitting a plaintiff to plead alternative or inconsistent causes of action). A "court should be slow to dismiss claims under the gist of the action doctrine. Federal civil procedure allows parties to plead multiple claims as alternative theories of liability." *Orthovita, Inc. v. Erbe*, No. 07-2395, 2008 WL 423446, at *4 (E.D. Pa. Feb. 14, 2008)). In addition to its

breach of contract claim, Old Republic attempts to rescind the reinsurance agreement. If the rescission count ultimately prevails, then the gist of the action doctrine would not act as an automatic bar to the negligence claim because the gist of the claim would clearly no longer be contractual.

For these reasons, the Court concludes it would be improper to dismiss the negligence claim at this early stage in the litigation.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant First American Title Insurance Company's Motion to Dismiss Count III of the Complaint (Dkt. #15) is **DENIED**.

2. Defendant **SHALL ANSWER** to Count III of the Complaint (Dkt. #1) within **FOURTEEN (14) DAYS** of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of March, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2015\15-cv-126 mtn to dismiss.docx