UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY,

    Plaintiff/Counterclaim Defendant,

v.                                                 CASE NO: 8:15-cv-126-T-30EAJ

FIRST AMERICAN TITLE INSURANCE
COMPANY,

    Defendant/Counterclaim Plaintiff,

_____/

## ORDER

THIS CAUSE is before the Court on Defendant First American Title Insurance Company's Motion for Leave to Join New Party under Rule 13(h) (Dkt. #17), and Plaintiff Old Republic National Title Insurance Company's Response in Opposition (Dkt. #26). Upon review, the Court concludes that Defendant's motion should be denied.

## BACKGROUND

Plaintiff Old Republic National Title Insurance Company ("Old Republic") filed this action against Defendant First American Title Insurance Company ("First American") seeking to assert its rights under the parties' reinsurance agreement. First American now requests leave from the Court to join a new party, Stewart Title Guaranty Company ("Stewart"), and assert a separate counterclaim against it under Federal Rule of Civil Procedure Rule 13(h). Old Republic contests the proposed joinder on multiple bases.

Rule 13 governs counterclaims, and Rule 13(h) specifically mandates that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Here, First American seeks to add Stewart as a party by asserting a counterclaim against it. Importantly, the proposed counterclaim is entirely distinct from the counterclaim First American has already brought against Old Republic.

As Old Republic points out in its response, Rule 13(h) cannot be used to accomplish such a joinder, irrespective of the factual similarities it contends make joinder both necessary and appropriate under Rules 19 and 20.

As many district courts have recognized,

> Rule 13(h) only authorizes the court to join additional persons in order to adjudicate a counterclaim or cross-claim that already is before the court or one that is being asserted at the same time the addition of a nonparty is sought. This means that a counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party. If it is not directed to an existing party, neither the counterclaim nor the party to be added will be allowed in the action.

Charles Wright, Arthur Miller, and Mary Kane, *Federal Practice and Procedure*, 6 FED. PRAC. & PROC. CIV. § 1435 (3d ed. 2010) (collecting cases at note 1). *See NatureSweet, Ltd. v. Mastronardi Produce, Ltd.*, No. 3:12-CV-1424-G, 2013 WL 460068, at *2 (N.D. Tex. Feb. 6, 2013) (explaining that Rule 13(h) "does not contemplate a party making a counterclaim or crossclaim solely against a person not currently a party to the litigation and then adding that person as a third-party defendant via Rule 19 or 20"); *AllTech Comm., LLC v. Brothers*, 601 F.Supp. 2d 1255, 1260-61 (N.D. Okla. 2008) ("Rule 13(h) cannot be used to assert a counterclaim . . . solely against an unnamed party."); *Ulla-Maija, Inc. v.*

*Kivimaki*, No. 02 Civ. 3640(AGS), 2003 WL 169777, at *7 (S.D. N.Y. Jan. 23, 2003) ("[A]dditional parties can only be joined to an action through a counterclaim when that counterclaim is also asserted against an existing party.").

Because First American seeks to assert a separate counterclaim against Stewart, a non-party, the Court concludes that the proposed joinder is procedurally deficient under Rule 13(h).

It is therefore ORDERED AND ADJUDGED that Defendant First American's Motion for Leave to Join New Party (Dkt. #17) is hereby **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of March, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2015\15-cv-0126 mtn to join counterclaim defendant.docx