UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY,

    Plaintiff/Counterclaim Defendant,

v.                                                    CASE NO:  8:15-cv-126-T-30EAJ

FIRST AMERICAN TITLE INSURANCE
COMPANY,

    Defendant/Counterclaim Plaintiff.

_____/

## ORDER

THIS CAUSE is before the Court on Counterclaim Defendant's Motion to Dismiss Amended Counterclaim (Dkt. #45) and Counterclaim Plaintiff's Response in Opposition thereto (Dkt. #62). Upon review, the Court concludes that Counterclaim Defendant's motion should be granted in part.

## BACKGROUND

This is a reinsurance dispute. Counterclaim Plaintiff First American Title Insurance Company ("First American") issued title insurance policies ("Title Policies") to a borrower and a lender to finance the acquisition of a piece of a property and the construction of a power plant on the property. First American entered into a reinsurance agreement (the "Reinsurance Agreement") with Counterclaim Defendant Old Republic National Title Insurance Company ("Old Republic"), under which Old Republic, as First American's

insurer, agreed to assume a specified share of First American's contractual liability under the Title Policies.

Later, the borrower and lender made claims under the Title Policies because contractors who worked on the power plant recorded mechanic's liens against the property and asserted priority over the borrower's and lender's respective interests. First American negotiated a $41 million settlement of those claims and asserted that Old Republic was obligated under the Reinsurance Agreement to pay its proportionate share of that sum ($3,790,605). Old Republic paid the amount under a full reservation of rights and proceeded to file the instant action against First American for breach of contract, rescission, negligence, unjust enrichment, and declaratory judgment. First American counterclaimed and asserted three causes of action against Old Republic: breach of contract; breach of utmost good faith; and declaratory judgment.

Old Republic seeks to dismiss the amended counterclaim in its entirety for failure to state a clam under Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), the court may dismiss a complaint for failure to state a claim upon which relief can be granted. To avoid dismissal, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the plausibility standard to be satisfied, the complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a party moves to dismiss on the basis of a dispositive issue of

law, dismissal is appropriate if "no construction of the factual allegations of [the] complaint will support the cause of action." *Urquhart v. Manatee Mem'l Hosp.*, No. 806-cv-1418-T-17-EAJ, 2007 WL 781738, at *2 (M.D. Fla. Mar. 13, 2007).

## DISCUSSION

### I. Breach of Contract

First American contends that Old Republic breached the Reinsurance Agreement by (1) paying First American under a reservation of rights to assert claims against First American, (2) disputing Old Republic's obligation to pay First American, and (3) improperly trying to claw back the $3,790,605 payment. First American further asserts that Old Republic breached the Reinsurance Agreement by refusing to pay its proportionate share of defense fees and costs as required by the agreement.

Under West Virginia law, [1] "[t]o state a breach of contract claim, a complaint must allege the breach on which the plaintiffs found their action . . . [and] the facts and circumstances which entitle them to damages." *Knisley v. Nat'l Better Living Ass'n, Inc.*, No. 3:14-CV-15, 2014 WL 4084517, at *15 (N.D. W. Va. Aug. 19, 2014) (internal quotation marks omitted). Central to any breach of contract action is an assertion that the party allegedly in breach violated a specific contractual provision. *See id.* ("[B]ecause the Plaintiff has not sufficiently alleged which policy provisions were breached . . . the complaint fails to state a plausible breach of contract claim."); *Koontz v. Wells Fargo, N.A.*, No. 2:10-cv-864, 2011 WL 1297519, at *7 (S.D. W. Va. 2011) ("Only the last of the three

---

[1] The parties agree that under the Reinsurance Agreement, West Virginia law governs these claims.

bases for Count III relates to a specific contractual provision, and therefore may constitute an express breach of the [contract].").

First American's first three claims of breach are, on their face, insufficient to state a breach of contract claim because they do not allege the breach of a specific contractual provision. In particular, First American does not allege that the Reinsurance Agreement explicitly prohibited Old Republic from (1) paying under a reservation of rights, (2) disputing the amount of its liability on the contract, or (3) attempting to recover any monies it believes it improperly paid. Neither does First American otherwise plead facts that give rise to the reasonable conclusion that its agreement with Old Republic prohibited the enumerated conduct. First American has failed to state a claim on the basis of these allegations. *See Koontz*, 2011 WL 1297519, at *7.

In its response to Old Republic's motion to dismiss its counterclaim, First American asks the Court to read in an additional basis in support of the first part of its breach of contract action. First American intimates that through its reservation of rights, Old Republic breached the contractual provision mandating that "Reinsurer [Old Republic] shall pay the amount of its liability determined hereunder to Ceder [First American] *within fifteen days* after notice and demand by Ceder [First American]" (emphasis added). Specifically, First American maintains that Old Republic's payment was untimely and therefore constitutes an express breach of the contract.

The factual allegations in First American's counterclaim support this allegation. First American alleges that it notified Old Republic of the settlement and demanded payment under the Reinsurance Agreement on December 16, 2014, and that Old Republic

did not agree to make this payment until January 21, 2015 (at the same time it conditioned its payment on a reservation of rights). Thus, to the extent First American alleges that Old Republic breached the timeliness provision of the Reinsurance Agreement, First American has adequately stated a claim.

First American also asserts that Old Republic breached the Reinsurance Agreement by refusing to pay its proportionate share of defense fees and costs as required by the Reinsurance Agreement. Old Republic maintains that this "purported 'breach' is squarely contradicted by the Reinsurance Agreement itself":

> The liability of Reinsurer [Old Republic] and any loss payable by Reinsurer [Old Republic] under this Agreement shall be limited to expressed contractual liability of Ceder [First American] under the [Title Policies], not including punitive or exemplary damages, and does not include any other contractual or any noncontractual liability of Ceder [First American].

Under this provision, Old Republic opines that First American had no contractual right to seek defense fees from Old Republic, and therefore, Old Republic did not breach by not paying.

First American counters by alleging that its express contractual liability under the Title Policies encompasses the "costs, attorneys' fees, and expenses incurred in defense of the title or the lien of the insured mortgage." Thus, First American explains, Old Republic's obligation under the Reinsurance Agreement necessarily contemplates its share of these costs.

The Court concludes that First American alleged sufficient facts to avoid dismissal of the breach of contract claim related to defense costs. First American and Old Republic may disagree as to whether the Reinsurance Agreement requires Old Republic to pay

defense fees and costs, but that dispute cannot be considered at this stage. See *Lee Enterprises, Inc. v. Twentieth Century-Fox Film Corp.*, 303 S.E.2d 702, 705 n.3 (W. Va. 1983) ("In situations where contract provisions are ambiguous, . . . it is improper to grant a motion to dismiss.").

## II. Breach of Duty of Utmost Good Faith

First American asserts that Old Republic breached the duty of utmost good faith by (1) refusing to pay First American's claim except under a reservation of rights and conditioned on First American's agreement that Old Republic could seek to recoup the payment, (2) using documents First American provided in good faith to Old Republic to trump up false tort allegations, and (3) filing suit within days of its payment to preempt First American from suing Old Republic in another venue.

Upon review, the Court concludes that this claim is insufficient for multiple reasons. First American does not plead facts that allow the court to reasonably infer that Old Republic is liable for the breaches alleged. See *Iqbal*, 556 U.S. at 678. More important, however, First American's claims largely fail as a matter of law because a claim of a breach of good faith cannot stand in the absence of a tenable breach of contract allegation.

Though "West Virginia law implies a covenant of good faith and fair dealing in every contract for purposes of evaluating a party's performance of that contract," it does not "recognize an independent claim for a breach of the common law duty of good faith, and has instead held that such a claim sounds in breach of contract." *Koontz*, 2011 WL 1297519, at *8 (internal quotation marks and citations omitted). Indeed, "it has been held that an implied covenant of good faith and fair dealing does not provide a cause of action

apart from a breach of contract claim." *Highmarks W. Va., Inc. v. Jamie*, 655 S.E.2d 509, 514 (W. Va. 2007).

Thus, the duty of good faith between First American and Old Republic is coextensive with the contract between them and does not stretch beyond the specific obligations enumerated in the Reinsurance Agreement. In its counterclaim, First American does not allege that Old Republic breached its duty of utmost good faith by violating specific contractual provisions. To note, it does not (1) point to a contractual provision precluding Old Republic from paying under a reservation of rights, (2) using documents First American provided in good faith, or (3) filing suit after paying on the contract.

However, generously construing First American's allegations under this count in conjunction with its claim that Old Republic breached the Reinsurance Agreement by failing to pay its share of defense fees and costs, the Court concludes that First American sufficiently pleaded facts giving rise to a breach of utmost duty of good faith only related to that specific breach. First American may proceed on this cause of action in this respect only.

### III. Declaratory Judgment

First American seeks a declaratory judgment as to the rights and obligations of First American and Old Republic under the Reinsurance Agreement. In particular, First American requests a declaration that Old Republic is required to pay its proportionate share of the monies First American paid under the Title Policies, including payment of all fees and expenses without a reservation of rights.

Old Republic argues that this action should be dismissed because it is redundant. It contends that the rights and obligations of both parties will be resolved through the course of litigation, particularly because the declaratory action overlaps with (1) Old Republic's breach of contract and unjust enrichment claims, which seek to resolve whether the Reinsurance Agreement required Old Republic to pay the sum First American demanded, and (2) Old Republic's claim for declaratory relief, which seeks to resolve whether the Reinsurance Agreement requires Old Republic to pay any costs, attorneys' fees, and expenses incurred by First American.

For the reasons the Court articulated on the record at the March 23, 2014 hearing, Old Republic's motion to dismiss First American's action for declaratory judgment is denied.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Dismiss Amended Counterclaim (Dkt. #45) is **GRANTED** in part as described herein.

2. Plaintiff **SHALL ANSWER** the remaining allegations of the counterclaim (Dkt. #37) within **FOURTEEN (14) DAYS** of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of April, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2015\15-cv-126 mtd 45.docx