**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

OLD REPUBLIC NATIONAL
TITLE INSURANCE COMPANY,
et al.,

    Plaintiffs,

v.                                               Case No: 8:15-cv-126-T-30EAJ

FIRST AMERICAN TITLE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Stewart Title Guaranty Company's ("Stewart Title") Motion to Dismiss Counterclaim of Defendant First American Title Insurance Company ("First American") (Doc. 71) and First American's response in opposition thereto (Doc. 74). The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that Stewart Title's motion to dismiss First American's counterclaim for breach of the utmost duty of good faith should be granted in part and denied in part.

## BACKGROUND

As previously noted by this Court, this case involves disputes regarding reinsurance agreements. First American issued a title insurance policy to various lenders who provided financing for the acquisition of a property located in Maidsville, West Virginia, and the

construction of a power plant upon that property. First American then entered into reinsurance agreements with Old Republic National Title Insurance Company ("Old Republic") and Stewart Title, under which Old Republic and Stewart Title, as First American's insurers, agreed to assume a specified share of First American's contractual liability under the title insurance policy.

Subsequently, the lenders submitted a claim under the title insurance policy seeking compensation for losses incurred in connection with mechanics liens recorded against the property and which allegedly took priority over the lenders' interest. First American negotiated a $41 million settlement of the claim and asserted that Old Republic and Stewart Title were obligated under the reinsurance agreements to pay their proportionate share of that sum, which amounted to $3,790,605 and $7,581,231, respectively. Old Republic paid its portion of the claim, but reserved its rights and initiated this action against First American for breach of contract, rescission, negligence, unjust enrichment, and declaratory judgment. (Doc. 1).

First American answered Old Republic's complaint and counterclaimed for breach of contract, breach of utmost duty of good faith, and declaratory judgment. (Doc. 37). Old Republic sought to dismiss First American's counterclaims arguing that First American failed to plead a plausible cause of action. (Doc. 45). The Court granted in part and denied in part Old Republic's motion finding that First American sufficiently alleged breach of contract as to the timeliness of Old Republic's payment and as to Old Republic's obligation to pay defense costs. (Doc. 63). Regarding First American's claim for breach of the utmost duty of good faith, the Court concluded that the claim could only go forward to the extent

the claim was related to the alleged breaches of the reinsurance agreement. Finally, the Court denied the motion with respect to First American's claim for declaratory judgment.

On the other hand, Stewart Title did not pay its portion of the claim, but it later initiated an action in the Southern District of Texas, which was transferred to this Court and assigned case number 8:15-cv-695-T-30TGW. By its complaint, Stewart Title alleges claims against First American for rescission, reformation, declaratory judgment, and negligence. Because the two actions involved similar issues, Stewart Title's action was consolidated with Old Republic's in the present case. Subsequently, First American filed three counterclaims against Stewart Title for breach of contract, breach of the utmost duty of good faith, and declaratory judgment. (Doc. 67).

Currently, Stewart Title seeks to dismiss First American's counterclaim for breach of the utmost duty of good faith on the same bases as the dismissal granted in favor of Old Republic. (Doc. 71). First American counters that dismissal in part of its counterclaim for breach of the utmost duty of good faith should not be granted on the same grounds because Stewart Title is not similarly situated to Old Republic as it did not pay for the claim and reserve its rights. (Doc. 74). In other words, First American contends that because Stewart Title's breach of the reinsurance agreement differs from Old Republic's alleged breach, its claim for breach of the utmost duty of good faith should be permitted to proceed in its entirety.

## **DISCUSSION**

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations of the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

### B. Analysis

First American alleges that Stewart Title breached the utmost duty of good faith by (1) failing to pay the claim under the reinsurance agreement, (2) belatedly requesting documents, (3) using First American's documents against First American to bolster its own claims, (4) accusing First American of making misrepresentations and omissions, and (5) filing preemptive litigation against First American in Texas to avoid being sued by First American. (Doc. 67, at 18). Stewart Title argues that several of First American's allegations are "functionally similar" to the allegations First American asserted against Old Republic and that the Court dismissed because they were not related to the breach of a contractual provision. (Doc. 71). Stewart Title therefore requests that the Court dismiss First American's counterclaim for breach of the utmost duty of good faith to the extent First American's allegations are not related to the breach of a contractual provision.

Several of First American's allegations are practically identical to the allegations First American asserted against Old Republic regarding its alleged breach of the utmost duty of good faith. Namely, First American similarly alleged that Old Republic breached the utmost duty of good faith by using First American's documents against First American in support of its allegations and preemptively filing suit against First American. As noted in its decision on Old Republic's motion to dismiss First American's counterclaims, a claim for breach of the utmost duty of good faith does not exist apart from a breach of contract. *See Highmarks W. Va., Inc. v. Jamie*, 655 S.E.2d 509, 514 (W. Va. 2007). For the same reasons the Court dismissed these allegations against Old Republic, the Court concludes that these allegations should be dismissed as to Stewart Title as well.

As for the remaining allegations, First American contends that Stewart Title breached the utmost duty of good faith by failing to pay the claim as required under the reinsurance agreement. This allegation is clearly related to the breach of contract claim alleged by First American and therefore should be permitted to proceed. Next, First American alleges that Stewart Title's delay tactics were related to its breach of the reinsurance agreement for failing to pay the claim because First American contends that the tactics were intended to assist Stewart Title in its efforts not to pay the claim as required. Although this connection is attenuated, at this stage of the proceedings, First American has alleged a sufficient connection to the breach of contract to allow this allegation to proceed as well.

Finally, First American asserts that Stewart Title breached the utmost duty of good faith by accusing First American of making misrepresentations and omissions. First

American has failed to provide a specific contractual provision that proscribes this conduct. Thus, in failing to identify a connection with a breach of the reinsurance agreement, this allegation fails to state a claim for a breach of the utmost duty of good faith, and First American should not be permitted to proceed on this ground.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Stewart Title's Motion to Dismiss Counterclaim of First American (Doc. 71) is GRANTED in part and DENIED in part.

2. First American's counterclaim for breach of the utmost duty of good faith may proceed on the grounds as outlined herein.

3. Stewart Title shall answer the remaining allegations of the counterclaims (Doc. 67) within fourteen (14) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of June, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record